**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000425
25-JUN-2015
09:21 AM**

NO. CAAP-14-0000425

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANNETTE DUNG, Petitioner/Appellee/Cross-Appellant,
v.
DONNA LEE CHING, Respondent/Appellant/Cross-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL CASE NO. 1SS13-1-623)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

The instant appeal arises from a dispute between neighbors that share a driveway.  Respondent/Appellant/Cross-Appellee Donna Lee Ching (**Ms. Ching**) appeals and Petitioner/Appellee/Cross-Appellant Annette Dung (**Mrs. Dung**) cross-appeals from the "Injunction Against Harassment" entered February 4, 2014 in the District Court of the First Circuit[1] (**district court**).

Ms. Ching contends the district court erred in concluding that she committed harassment as defined by Hawaii Revised Statutes (**HRS**) § 604-10.5(a)(2) (Supp. 2014)[2] because Mrs. Dung failed to produce clear and convincing evidence that Ms. Ching's conduct served no legitimate purpose.

---

[1]     The Honorable James S. Kawashima presided.

[2]     HRS § 604-10.5(a)(2) defines "harassment" as "[a]n intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress."

Mrs. Dung explains that her "cross-appeal is merely protective in nature." Mrs. Dung contends that "[i]f this [c]ourt should vacate the Injunction Against Harassment and remand this matter . . . then this [c]ourt should hold that the [d]istrict [c]ourt erroneously excluded evidence . . . ."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Ms. Ching's appeal is without merit.

Ms. Ching requests this court vacate the district court's Injunction Against Harassment and dismiss the case on the basis of insufficient evidence. Ms. Ching argues the district court erred in granting Mrs. Dung's request for a temporary restraining order (**TRO**) and injunction because Mrs. Dung failed to meet her "burden to substantiate the claims alleged in her [Injunction Against Harassment] by clear and convincing evidence." Ms. Ching argues that she only moved objects from Mrs. Dung's driveway when they were obstructing her safe use of the easement[3] and thus her conduct "was done for a legitimate purpose."

Ms. Ching argues the district court erred because a reasonable person would not suffer emotional distress as a result of Ms. Ching's alleged conduct. Ms. Ching argues that in granting Mrs. Dung's Injunction Against Harassment, the district court has allowed Mrs. Dung's "unreasonable reaction to [Ms. Ching's] legitimate use of the easement to take precedence over [Ms. Ching's] legal right to access the easement without interference." Ms. Ching argues that the video surveillance and photographic evidence submitted by Mrs. Dung shows that the "torment" she complained of consisted of "nothing more than [Ms. Ching] walking by [Mrs. Dung's] dog enclosure." Ms. Ching argues

---

[3] In 1944, an easement was established that provided access from Ms. Ching's house lot to the street by traversing Mrs. Dung's house lot. The deed to the easement does not specify whether it was established for pedestrian access, vehicular access, or both, but Mrs. Dung's family did not have vehicular access to the street until the 1970s and Ms. Ching did not have vehicular access until 2007. The easement is about twelve feet wide and generally corresponds with Mrs. Dung's driveway.

2

that it is unreasonable for Mrs. Dung to be uncomfortable or scared of Ms. Ching's visitors who use the driveway easement to access Ms. Ching's property. Ms. Ching implies that the district court erred in finding Mrs. Dung's testimony credible because Mrs. Dung alleged in her Injunction Against Harassment that she repeatedly asked Ms. Ching to slow down on the driveway but testified that she has not spoken to Ms. Ching since 2007.

Under HRS § 604-10.5(a)(2), the district court "shall" grant an injunction prohibiting the respondent from harassing the petitioner if "the court finds by clear and convincing evidence that" the respondent engaged in an "intentional or knowing course of conduct directed at [the petitioner] that seriously alarm[ed] or disturb[ed] consistently or continually bother[ed] the [petitioner] and serve[d] no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress." Luat v. Cacho, 92 Hawai'i 330, 340-41, 991 P.2d 840, 850-51 (App. 1999). "[T]he type of harassment that the courts are mandated to restrain or enjoin under paragraph (2) [of HRS § 604-10.5(a)] involves . . . systematic and continuous intimidation that stops short of assault or threats[.]" Id., 92 Hawai'i at 342, 991 P.2d at 852.

> The reasonable person standard [to be applied under HRS § 604-10.5(a)(2)] is an objective one and a trial court's determination regarding whether a reasonable person would suffer emotional distress as a result of a course of conduct is reviewed on appeal de novo. Under the objective standard, we are required to determine whether "a reasonable person, normally constituted," would have suffered emotional distress as a result of a particular course of conduct.

Id. at 343, 991 P.2d at 853 (citation omitted) (quoting Tabieros v. Clark Equip. Co., 85 Hawai'i 336, 362, 944 P.2d 1279, 1305 (1997)).

Here, the district court explained that its detemination that Ms. Ching committed harassment, as defined by HRS § 604-10.5(a)(2), was based on the video surveillance and photographic evidence submitted at trial showing Ms. Ching (1) moving Mrs. Dung's stack of tires, potted plants, and sawhorses out of the easement; (2) tossing or littering the roof shingles into Mrs. Dung's yard; and (3) taking actions in the easement with intent to annoy Mrs. Dung and her family. The district

3

court explained that it neither found Ms. Ching credible nor her arguments compelling. The district court concluded that Ms. Ching's actions did not serve a legitimate purpose and "would cause a reasonable person to suffer emotional distress." Specifically, the district court found that it was wrong to toss the shingles over the fence into Mrs. Dung's yard and that the tires were not preventing Ms. Ching from using the easement.

Mrs. Dung established that Ms. Ching systematically and continuously moved Mrs. Dung's tires, potted plants, and sawhorses out of the easement; tossed roof shingles into Mrs. Dung's yard, and caused Mrs. Dung's dogs to bark by taking photos of them from the easement. The district court's determinations that Ms. Ching's actions did not serve a legitimate purpose and "would cause a reasonable person to suffer emotional distress" are supported by substantial evidence in the record and are not wrong, and therefore, the district court did not abuse its discretion in granting the Injunction Against Harassment. See In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006) (holding that a TRO is reviewed for an abuse of discretion). "It is not the role of the appellate court to weigh credibility or resolve conflicting evidence." State v. Monteil, 134 Hawai'i 361, 368, 341 P.3d 567, 574 (2014).

Therefore,

IT IS HEREBY ORDERED that the "Injunction Against Harassment" entered February 4, 2014 in the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 25, 2015.

On the briefs:

David J. Minkin
Jesse J.T. Smith
David D. Day ·
(McCorriston Miller Mukai
MacKinnon)
for Petitioner/Appellee/Cross-
Appellant.

Dyan K. Mitsuyama
Alethea Kyoko Rebman
(Mitsuyama & Rebman)
for
Respondent/Appellant/Cross-
Appellee.

Chief Judge

Associate Judge

Associate Judge

4